# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

BRIT F. AUGBORNE, III,

    Plaintiff

v.

DOCTOR HDSP, et. al.,

    Defendants

Case No.: 3:17-cv-00592-RCJ-WGC

**Report & Recommendation of United States Magistrate Judge**

Re: ECF No. 78

    This Report and Recommendation is made to the Honorable Robert C. Jones, United States District Judge. The action was referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and the Local Rules of Practice, LR 1B 1-4.

    Before the court is defendant Lopez's Motion for Summary Judgment. (ECF Nos. 78, 78-1 to 78-8, 80-1 to 80-3, errata at ECF Nos. 83, 83-1 to 83-5.) Plaintiff filed a belated response, which the court exercised its discretion to consider. (ECF No. 84.) No reply brief was filed.

    After a thorough review, it is recommended that Lopez's motion be granted.

## I. BACKGROUND

    Plaintiff is an inmate in the custody of the Nevada Department of Corrections (NDOC), proceeding pro se with this action pursuant to 42 U.S.C. § 1983. (Second Amended Complaint (SAC), ECF No. 55.) The events giving rise to this action took place while Plaintiff was housed at High Desert State Prison (HDSP).

    The court screened the SAC and allowed Plaintiff to proceed with an Eighth Amendment deliberate indifference to serious medical need claim against Lopez. (*See* ECF Nos. 59, 63.) Plaintiff alleges that in May of 2016, Lopez was notified every day during daily rounds that Plaintiff had an obvious health problem including boils and red scabbing and a rash, but Plaintiff

was left untreated until he was found unconscious in his cell. It turned out that Plaintiff had shingles.

Defendant Lopez moves for summary judgment, arguing that Plaintiff failed to properly exhaust his administrative remedies, Lopez was not deliberately indifferent to Plaintiff's medical needs, and alternatively, Lopez is entitled to qualified immunity.

## II. LEGAL STANDARD

The legal standard governing this motion is well settled: a party is entitled to summary judgment when "the movant shows that there is no genuine issue as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); *see also Celotex Corp. v. Cartrett*, 477 U.S. 317, 330 (1986) (citing Fed. R. Civ. P. 56(c)). An issue is "genuine" if the evidence would permit a reasonable jury to return a verdict for the nonmoving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986). A fact is "material" if it could affect the outcome of the case. *Id*. at 248 (disputes over facts that might affect the outcome will preclude summary judgment, but factual disputes which are irrelevant or unnecessary are not considered). On the other hand, where reasonable minds could differ on the material facts at issue, summary judgment is not appropriate. *Anderson*, 477 U.S. at 250.

"The purpose of summary judgment is to avoid unnecessary trials when there is no dispute as to the facts before the court." *Northwest Motorcycle Ass'n v. U.S. Dep't of Agric.*, 18 F.3d 1468, 1471 (9th Cir. 1994) (citation omitted); *see also Celotex,* 477 U.S. at 323-24 (purpose of summary judgment is "to isolate and dispose of factually unsupported claims"); *Anderson,* 477 U.S. at 252 (purpose of summary judgment is to determine whether a case "is so one-sided that one party must prevail as a matter of law"). In considering a motion for summary judgment, all reasonable inferences are drawn in the light most favorable to the non-moving party. *In re*

*Slatkin*, 525 F.3d 805, 810 (9th Cir. 2008) (citation omitted); *Kaiser Cement Corp. v. Fischbach & Moore Inc.*, 793 F.2d 1100, 1103 (9th Cir. 1986). That being said, "if the evidence of the nonmoving party "is not significantly probative, summary judgment may be granted." *Anderson*, 477 U.S. at 249-250 (citations omitted). The court's function is not to weigh the evidence and determine the truth or to make credibility determinations. *Celotex,* 477 U.S. at 249, 255; *Anderson*, 477 U.S. at 249.

In deciding a motion for summary judgment, the court applies a burden-shifting analysis. "When the party moving for summary judgment would bear the burden of proof at trial, 'it must come forward with evidence which would entitle it to a directed verdict if the evidence went uncontroverted at trial.'… In such a case, the moving party has the initial burden of establishing the absence of a genuine [dispute] of fact on each issue material to its case." *C.A.R. Transp. Brokerage Co. v. Darden Rest., Inc.*, 213 F.3d 474, 480 (9th Cir. 2000) (internal citations omitted). In contrast, when the nonmoving party bears the burden of proving the claim or defense, the moving party can meet its burden in two ways: (1) by presenting evidence to negate an essential element of the nonmoving party's case; or (2) by demonstrating that the nonmoving party cannot establish an element essential to that party's case on which that party will have the burden of proof at trial. *See Celotex Corp. v. Cartrett*, 477 U.S. 317, 323-25 (1986).

If the moving party satisfies its initial burden, the burden shifts to the opposing party to establish that a genuine dispute exists as to a material fact. *See Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). The opposing party need not establish a genuine dispute of material fact conclusively in its favor. It is sufficient that "the claimed factual dispute be shown to require a jury or judge to resolve the parties' differing versions of truth at trial." *T.W. Elec. Serv., Inc. v. Pac. Elec. Contractors Ass'n*, 809 F.2d 626, 630 (9th Cir. 1987)

(quotation marks and citation omitted). The nonmoving party cannot avoid summary judgment by relying solely on conclusory allegations that are unsupported by factual data. *Matsushita*, 475 U.S. at 587. Instead, the opposition must go beyond the assertions and allegations of the pleadings and set forth specific facts by producing competent evidence that shows a genuine dispute of material fact for trial. *Celotex*, 477 U.S. at 324.

### III. DISCUSSION

"The government has an 'obligation to provide medical care for those whom it is punishing by incarceration,' and failure to meet that obligation can constitute an Eighth Amendment violation cognizable under § 1983." *Colwell v. Bannister,* 753 F.3d 1060, 1066 (9th Cir. 2014) (citing *Estelle v. Gamble*, 429 U.S. 97, 103-05 (1976)).

A prisoner can establish an Eighth Amendment violation arising from deficient medical care if he can prove that prison officials were deliberately indifferent to a serious medical need. *Estelle*, 429 U.S. at 104. A claim for deliberate indifference involves the examination of two elements: "the seriousness of the prisoner's medical need and the nature of the defendant's response to that need." *McGuckin v. Smith*, 974 F.2d 1050, 1059 (9th Cir. 1992), *rev'd on other grounds, WMX Tech, Inc. v. Miller*, 104 F.3d 1133 (9th Cir. 1997); *see also Akhtar v. Mesa*, 698 F.3d 1202, 1213 (9th Cir. 2012) (quoting *Jett v. Penner*, 439 F.3d 1091, 1096 (9th Cir. 2006)). "A 'serious' medical need exists if the failure to treat a prisoner's condition could result in further significant injury or the 'unnecessary and wanton infliction of pain.'" *McGuckin*, 974 F.2d at 1059 (citing *Estelle*, 429 U.S. at 104); *see also Akhtar*, 698 F.3d at 1213. Examples of conditions that are "serious" in nature include "an injury that a reasonable doctor or patient would find important and worthy of comment or treatment; the presence of a medical condition that significantly affects an individual's daily activities; or the existence of chronic and

4

substantial pain." *McGuckin*, 974 F.2d at 1059-60; *see also Lopez v. Smith*, 203 F.3d 1122, 1131 (9th Cir. 2000) (citation omitted) (finding that inmate whose jaw was broken and mouth was wired shut for several months demonstrated a serious medical need).

If the medical need is "serious," the plaintiff must show that the defendant acted with deliberate indifference to that need. *Estelle*, 429 U.S. at 104; *Akhtar*, 698 F.3d at 1213 (citation omitted). "Deliberate indifference is a high legal standard." *Toguchi v. Chung*, 391 F.3d 1051, 1060 (9th Cir. 2004). Deliberate indifference entails something more than medical malpractice or even gross negligence. *Id*. Inadvertence, by itself, is insufficient to establish a cause of action under section 1983. *McGuckin*, 974 F.2d at 1060. Instead, deliberate indifference is only present when a prison official "knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of the facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Farmer v. Brennan*, 511 U.S. 825, 837 (1994); *see also Akhtar*, 698 F.3d at 1213 (citation omitted).

Deliberate indifference exists when a prison official "den[ies], delay[s] or intentionally interfere[s] with medical treatment, or it may be shown by the way in which prison officials provide medical care." *Crowley v. Bannister*, 734 F.3d 967, 978 (9th Cir. 2013) (internal quotation marks and citation omitted).

According to the SAC, Plaintiff unknowingly contracted the shingles virus at some point in the first half of May of 2016. His medical records reflect that on May 13, 2016, he discussed with defendant Lopez that he had a rash. Lopez told Plaintiff to fill out a kite and he would be seen. (ECF No. 80-1 at 12.) This is consistent with AR 617, which states that sick call is generally conducted on a first come, first serve basis. A medical kite and/or service report requesting to be seen is to be completed by the inmate and a nurse will triage the requests to

determine the final order in which inmates are seen. (ECF No. 78-6.) Plaintiff does not dispute that he did not file a medical kite as instructed.

On May 15, 2016, Plaintiff was identified as a "mandown" when he was found in his cell, lying on his bed, unresponsive to verbal cues, and was experiencing rhythmic tremors of the extremities, described as possible status epilepticus. Bands of small red vesicle clusters with blisters were observed on his abdomen and back. Shingles was suspected. (ECF No. 80-2.) Plaintiff was taken to the infirmary and was subsequently transported to Valley Hospital. (*Id*., ECF No. 80-3.) He was diagnosed with herpes zoster (shingles), encephalitis (viral), and new onset of seizure. (ECF No. 80-3.)

First, as to the objective prong of the Eighth Amendment analysis, the court disagrees with Lopez's general conclusion that a rash cannot constitute a serious medical condition for purposes of the Eighth Amendment. A rash in and of itself can be serious, and can also be indicative of other serious medical conditions.

Nevertheless, with respect to the subjective component of the Eighth Amendment analysis, the court concurs with Lopez that there is no evidence in the record that Lopez knew of and disregarded a serious risk to Plaintiff's health. There is a single progress report that says Plaintiff discussed a rash with Lopez, and Lopez instructed Plaintiff to file a kite to be seen. The progress note does not provide any further detail about what Plaintiff told Lopez to allow the court to conclude that Lopez knew Plaintiff was facing a risk to his health by not doing anything other than instructing Plaintiff to file a kite to be seen. Plaintiff does not provide a declaration any further details. For instance, Plaintiff does not provide a declaration stating that he showed Lopez the rash on his abdomen and back or that he otherwise described the rash to Lopez or described his pain so that it would have been obvious to Lopez that Plaintiff had shingles or that

his condition was otherwise more emergent. There is no evidence that Plaintiff had any further interaction with Lopez about his medical condition following this discussion. Plaintiff did not submit any other medical records or kites indicating that he had further discussions with Lopez about his rash and pain. Nor did Plaintiff provide a declaration describing any other communications with Lopez on this issue.

In his response, Plaintiff claims that it would have taken 90 days to get a response to a medical kite, but Plaintiff provides no *evidence* to support this assertion.

In sum, Plaintiff has not provided evidence to create a genuine dispute of material fact regarding whether Lopez was deliberately indifferent to his serious medical need. Therefore, summary judgment should be granted in defendant Lopez's favor. In light of the court's conclusion, it need not reach defendant Lopez's remaining arguments.

## IV. RECOMMENDATION

IT IS HEREBY RECOMMENDED that the District Judge enter an order **GRANTING** defendant Lopez's motion for summary judgment (ECF No. 78).

The parties should be aware of the following:

1. That they may file, pursuant to 28 U.S.C. § 636(b)(1)(C), specific written objections to this Report and Recommendation within fourteen days of being served with a copy of the Report and Recommendation. These objections should be titled "Objections to Magistrate Judge's Report and Recommendation" and should be accompanied by points and authorities for consideration by the district judge.

2. That this Report and Recommendation is not an appealable order and that any notice of appeal pursuant to Rule 4(a)(1) of the Federal Rules of Appellate Procedure should not be filed until entry of judgment by the district court.

Dated: November 2, 2021

_____
William G. Cobb
United States Magistrate Judge